IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SYLVIA ENDICOTT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Civil No.  11-1056-CJP |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**PROUD, Magistrate Judge:**

This matter is before the Court on plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act.  **(Doc. 28)**.   Defendant has not filed a response, and the time for doing so has now expired.

Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d)(1)(A), the Court shall award attorney's fees and expenses to a prevailing party in a civil action against the United States, including proceedings for judicial review of agency action, unless the government's position was substantially justified.  The hourly rate for attorney's fees is not to exceed $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  §2412(d)(2)(A).

This case was remanded to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. §405(g).  Plaintiff is, therefore, the prevailing party.  See, ***Shalala v. Schaefer***, **509 U.S. 292, 302 (1993).**  The Commissioner has not argued that his position was substantially justified so as to defeat plaintiff's claim under the EAJA.

Here, counsel seeks $178.00 per hour for work performed in 2011 and $181.25 per hour for work performed in 2012. These amounts are based on an increase in the cost of living as calculated by the Consumer Price Index for the years in which the fees were incurred. The Commissioner has not challenged the appropriateness of these hourly rates, or the number of hours claimed.

The Court deems the failure to respond to plaintiff's Application to be an admission of the merits thereof. SDIL-LR 7.1. Accordingly, the Court finds that plaintiff is entitled to an award of attorney's fees and costs pursuant to the EAJA, and that the hourly rates and number of hours claimed are reasonable.

Counsel claims a total of 2.75 hours in 2011 and 19.05 in 2012. Although he asks for an hourly rate of $178.00 for work performed in 2011, the total fee requested was based a rate of $181.25 per hour. Doc. 28, Ex. 1. The Court has recalculated the total fee using the hourly rates requested by counsel. The correct fee totals $3,942.31. In addition, counsel asks to be reimbursed for the $350.00 filing fee. However, plaintiff was granted leave to proceed in *forma pauperis*, and the fee was not paid. Therefore, that request is denied.

Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act. **(Doc. 28)** is hereby **GRANTED**. The Court awards plaintiff a total of $3,942.31 as fees and costs.

The amount awarded is payable to plaintiff and is subject to set-off for any debt owed by plaintiff to the United States, per *Astrue v. Ratliff*, **130 S.Ct. 2521 (2010).** However, in accordance with the assignment executed by plaintiff, any amount that is not used to satisfy an outstanding debt shall be made payable to plaintiff's attorney.

**IT IS SO ORDERED.**

**DATED:   December 28, 2012**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U.S. MAGISTRATE JUDGE**